CHIASSON, Judge.
This is an appeal of a decision of the State Civil Service Commission (Commission) upholding the dismissal for cause of William H. Elliott, Jr., plaintiff-appellant.
The appellant was employed by the Louisiana State Police as a Trooper First Class serving with permanent status. On September 23, 1975, the appellant was terminated by written notice for specific listed causes. These causes as summarized by the Commission were:
“1. Making threats of bodily harm to two persons who had been arrested and were in custody of the Sheriff at Farmerville.
“2. Distributing, or having distributed, handbills informing residents of the area of his assignment to duty, which handbills incorporated a solicitation of business for a beauty shop operated by his wife.
“3. Chasing and failing to overtake and apprehend a speeder at speeds up to 120 miles per hour, and, upon making contact with person on the following day, issuing a citation to him charging him with a speed of 85 miles per hour giving him 11 days to appear.
“4. Carrying an AR-15 rifle in his patrol unit.
“5. Failing to handcuff a driver who was apprehended for speeding and DWI, and then after charging the motorist with DWI testifying in court at the trial that the motorist was not intoxicated. The reversal in position as to intoxication of the motorist was said to have been motivated by appellant’s desire to further his own ends in obtaining a loan after being asked by friends of the motorist to go easy on him.”
State Civil Service Commission Opinion, October 4, 1976.
The appellant timely appealed his dismissal to the Commission and the matter was assigned to a referee for a hearing. The hearing was held, the evidence transcribed and the record submitted to the Commission for disposition.
Based on the evidence adduced at the hearing the Commission found:
“1. The Motion for Summary Disposition filed on behalf of appellant was correctly referred by the Referee to the merits for the reason that there were disputed issues of fact concerning the existence or the non-existence of the asserted causes for discharge, and these issues could be resolved only by a hearing on the merits. On its face, the letter of discharge states grounds for discharge.
“2. The remarks attributed to appellant (Letter of Discharge, Item 1) as being made to Kenneth and Roy Ebarb and to Dennis Russell, while they were in the custody of the local Sheriff, were admitted by appellant to have been made, and the making of them was also established through the testimony of one of the *841 recipients of these remarks, Roy Ebarb, and by another State Police Trooper who was present. The making of the remarks amounted to the threatening of these persons with bodily harm.
“3. The cause assigned (Letter of Discharge, Item 2) regarding the distribution of handbills advertising the business of his wife as a beauty operator was admitted by appellant to be true. A copy of the handbill is in evidence, and it establishes the truth of this charge.
“4. The cause assigned (Letter of Discharge, Item 3) regarding the ticketing of a speeding motorist at 85 miles per hour instead of 120 miles per hour was established to the extent that appellant did not charge the motorist with as high a speed as his observations would have justified in view of the fact that his radar unit registered 100 miles per hour (the maximum reading), and he declared that at some times his speedometer read up to 120 miles per hour during the chase.
“5. The cause assigned (Letter of Discharge, Item 4) regarding the carrying in his State Police unit of an AR-15 rifle was established. Appellant’s explanation for this violation of procedural rules — that he had official permission to do so — was not established by the evidence.
“6. The cause assigned (Letter of Discharge, Item 5) with regard to making an official report that a motorist was intoxicated and later testifying in court at a trial of the motorist that he was not intoxicated, was established.”
State Civil Service Commission Opinion, October 4, 1976.
The Commission held that the causes for discharge were adequately stated to the appellant, that they were substantially true as stated and that they were a valid basis for the appellant’s dismissal. Accordingly, the Commission denied the appellant’s appeal.
The appellant has brought this appeal from the Commission’s holding alleging that:
“I. The State Civil Service Commission erred in refusing to issue the subpoenas requested by plaintiff which action was a denial of due process to plaintiff.
“II. The State Civil Service Commission erred in finding that the facts supported plaintiff’s dismissal for cause.”
The appellant was permitted to include in the record a statement as to what he intended to prove by the testimony of the witnesses for whom no subpoenas were issued. Because the appellant’s defense was by way of explanation and excuse rather than by denial of the facts alleged, the testimony of these witnesses would not have affected the factual findings of the Commission. Therefore, the failure of the Commission to issue all the subpoenas requested by the appellant was not reversible error.
A careful examination of the evidence contained in the record, especially the admissions made by the appellant, supports the factual findings of the Commission. These findings establish that the appellant was dismissed for cause.
For the above reasons, the decision appealed from is affirmed. Costs to be paid by the appellant.
AFFIRMED.